IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2147-FL

| JOSE ANTONIO NUNEZ-RODRIGUEZ, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | ORDER |
| v. | ) |  |
|  | ) |  |
| CHARLES RATLEDGE, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

Petitioner, a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

**BACKGROUND**

On January 30, 1995, petitioner pleaded guilty in the United States District Court for the District of Puerto Rico to carjacking, in violation of 18 U.S.C. § 2119, and to the use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). United States v. Nunez-Rodriguez, No. 3:94-CR-176-JAF (P.R. Jan. 30, 1995). On August 8, 1995, petitioner was sentenced to consecutive terms of life and 60 months imprisonment. (Id. Aug. 8, 1995.) Petitioner appealed. On August 14, 1996, the First Circuit Court of Appeals entered an order vacating petitioner's sentence and remanded the action to the district court for re-sentencing. See United States v. Nunez-Rodriguez, 92 F.3d 14, 25 (1st Cir. 1996).

On May 12, 1997, the sentencing court entered an amended judgment and sentenced petitioner to consecutive terms of 360 and 60 months imprisonment. United States v. Nunez-Rodriguez, No. No. 3:94-CR-176-JAF (P.R. May 12, 1997). The First Circuit Court of Appeals subsequently affirmed the amended judgment. United States v. Nunez-Rodriguez, No. 97-1669, 1998 WL 168897, at *1 (1st Cir. Apr. 7, 1998).

On October 21, 2009, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the sentencing court raising the following claims: (1) "Newly discovered medical evidence renders the guilty [plea] invalid;" (2) "Newly discovered ineffective assistance of trial counsel;" and (3) "Movant is actually innocent." United States v. Nunez-Rodriguez, Nos. 3:94-CR-176-JAF, 09-2086 (P.R. Apr. 13, 2010). On April 13, 2010, the sentencing court denied petitioner's § 2255 motion. Id.

On July 10, 2015, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he received ineffective assistance of trial counsel. In particular, petitioner alleges that his counsel was ineffective because he "did not investigate that the doctor was crooked," failed to investigate the reason petitioner was receiving supplemental security income for a mental disability, and did not investigate his mental health history. (Pet. pp. 3, 7.) Petitioner also makes the conclusory allegations concerning violations of the Double Jeopardy and Due Process Clauses of the Fifth Amendment to the United States Constitution, as well as malicious prosecution.

**DISCUSSION**

Although petitioner filed his action under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion

2

[under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Petitioner is unable to meet the second or third prongs of the Jones test because he has not alleged that a post-conviction substantive change in the law rendered the conduct for which he was convicted non-criminal. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously has filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not met this burden, and has failed to satisfy § 2255's gatekeeping provision. Accordingly,

3

petitioner may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

SO ORDERED, this the 12th day of November, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

4